IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE GENE PAGE § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-10-CV-1273-O |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lawrence Gene Page, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 2001, petitioner was convicted of possession with intent to deliver a controlled substance and sentenced to 10 years confinement.[1] No appeal was taken. Instead, petitioner challenged his conviction and sentence on collateral review in state and federal court. Two state writs were denied without written order. *Ex parte Page*, WR-52,933-02 (Tex. Crim. App. Oct. 9, 2002); *Ex parte Page*, WR-59,933-09 (Tex. Crim. App. Jul. 26, 2006). Another state writ was dismissed for abuse of the writ. *Ex parte Page*, WR-59,933-06 (Tex. Crim. App. Oct. 22, 2003). His federal writ was dismissed in part on limitations grounds and denied in part. *Page v. Dretke*, No. 3-03-CV-2741-G,

---

[1] In a companion case, petitioner was convicted of assaulting a public servant and sentenced to 25 years confinement. That conviction is the subject of another habeas case pending before a different judge. *Page v. Thaler*, No. 3-10-CV-1290-K.

2004 WL 1614921 (N.D. Tex. Jul. 16, 2004), *rec. adopted*, 2004 WL 1753233 (N.D. Tex. Aug. 3, 2004), *COA denied*, No. 04-11024 (5th Cir. Feb. 28, 2005), *cert. denied*, 126 S.Ct. 68 (2005). Just last month, the Fifth Circuit denied leave to file a successive federal writ of habeas corpus. *In re Page*, No. 10-10289 (5th Cir. Jun. 8, 2010).

Undeterred, petitioner now seeks federal habeas relief on the grounds that: (1) he is actually innocent; (2) the indictment was defective; and (3) his sentence was improperly enhanced by invalid prior convictions. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 2, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE